## In re GRIVE.

(District Court, D. Connecticut. February 28, 1907.)

### No. 1,658.

BANKRUPTCY—TRANSFER OF PROPERTY BY BANKRUPT—UNPAID CHECK.

Under Gen. St. 1902, § 4359, which provides that "a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check," the payee of a check

drawn against a sufficient deposit and presented two days before the filing of a petition in bankruptcy by the drawer, but which was not paid nor accepted by the bank because of rumors that such proceedings were contemplated, acquired no claim against the bank nor lien upon the fund, nor did a statement by the bank that it would take advice and pay the check if it could amount to an acceptance, where it subsequently refused to accept or pay it.

In Bankruptcy. On certificate from referee.

De Forest & Klein, for claimants.
Beers & Foster, for trustee.

PLATT, District Judge. The facts upon which the order directing the Bridgeport Company to pay over to the trustee all funds on deposit with it in the name of the bankrupt at the date of adjudication (which was April 19, 1906) was based are as follows:

"(1) On April 12, 1906, the bankrupt, Grive, was indebted to the claimants Doherty and Freeman in the sum of $470, for which amount he gave them his check upon the Bridgeport Trust Company bearing date of that day.

"(2) At the time the check was presented to the trust company for payment on April 17, 1906, the trust company stated that they had read in the newspaper that Grive was going into bankruptcy, and that they would take advice thereon and would pay the check if they could. Subsequently said trust company declined to pay the check.

"(3) At the time of the presentation of the check for payment, Grive had not filed a petition in bankruptcy, and had funds on deposit with the trust company in excess of the amount of the check, and the trust company would have paid the check except for the rumor of bankruptcy proceedings."

Section 4359, Gen. St. 1902, provides that:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

Indeed, the law was substantially so before the statute was enacted.

No preference being suggested, the only question arising is whether, under the facts set forth, without more, it is possible to find that the trust company accepted the check. Counsel for claimants say that the facts show a "conditional acceptance." It is plainly a condition precedent, however, viz., that they "would take advice thereon and would pay the check if they could"—things to be done in the future, and prior to acceptance and payment.

It is insisted that, because it was the legal duty of the trust company to pay the check on the 17th, it is to be presumed that they discovered their duty before the 19th, but the condition was a broader one; they were to "take advice," and it is not found as a fact that they did take advice, or did discover their duty, or did act thereon after discovery; on the contrary, it is distinctly found that "subsequently" they "declined to pay the check." To my mind, the duty of the trust company on the 17th is immaterial. The motives of the officer who refused the payment seem equally immaterial. The plain fact remains that there was no recognition of an immediate obligation to pay the check, and therefor it was not accepted, and no right of action accrued on behalf of the payees against the trust company.

This is a sad case, and appeals with unusual force to the conscience of the court, but the stubborn facts compel the mind to sustain the ruling below.

The order is affirmed.